UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

**RYAN J. KING**, Plaintiff,

v.

**CITIBANK, N.A.**, Defendant.

Case No.: _____     1:26-cv-258-TWP-MKK

FILED
FEB 06 2026
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

**JURY TRIAL DEMANDED**

**VERIFIED COMPLAINT FOR DAMAGES (1) Violation of Telephone Consumer Protection Act (47 U.S.C. § 227) (2) Violation of Fair Debt Collection Practices Act (15 U.S.C. § 1692)**

**I. PRELIMINARY STATEMENT**

1. This is an action for statutory damages resulting from Defendant's aggressive, willful, and knowing violation of the Telephone Consumer Protection Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA).

2. Despite receiving a Certified Mail "Notice of Fault" and "Revocation of Consent" on **January 13, 2025**, Defendant initiated **forty (40)** illegal calls to Plaintiff's cellular telephone over the subsequent 17 days.

3. Defendant utilized an Automatic Telephone Dialing System (ATDS) to harass Plaintiff, placing calls with excessive frequency—up to five times in a single day—after possessing actual knowledge that Plaintiff had revoked consent to be contacted.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under **28 U.S.C. § 1331** (Federal Question) as the claims arise under the laws of the United States, specifically 47 U.S.C. § 227 et seq. and 15 U.S.C. § 1692 et seq.

5. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because the Plaintiff resides in Madison County, Indiana, and the harassing calls complained of herein were received by Plaintiff within this judicial district.

## III. PARTIES

6. Plaintiff, **Ryan J. King**, is a natural person and a "consumer" as defined by 15 U.S.C. § 1692a(3), residing in Madison County, Indiana. Plaintiff is the subscriber and sole user of the cellular telephone number ending in 4771.

7. Defendant, **Citibank, N.A.**, is a national banking association doing business in the State of Indiana. For the purposes of this action, Defendant acted as a "debt collector" collecting on a defaulted account and utilizing an automatic telephone dialing system.

## IV. FACTUAL ALLEGATIONS

### A. The Revocation of Consent

8. On or about December 16, 2024, Plaintiff mailed a "Debt Validation Letter" to Defendant via Certified Mail, expressly disputing the alleged debt and revoking any prior consent to be contacted by telephone.

9. On **January 10, 2025**, Plaintiff mailed a second letter titled "Notice of Fault and Opportunity to Cure" via United States Postal Service Certified Mail (Tracking No. 9589 0710 5270 1242 7807 02).

10. This second letter enclosed a copy of the initial revocation which explicitly reiterated Plaintiff's demand that all telephone calls cease.

11. According to official USPS tracking records, Defendant's authorized agent received and accepted this Notice on **January 13, 2025**. A true and accurate copy of the Certified Mail Return Receipt and the corresponding USPS Proof of Delivery confirming receipt at Defendant's designated address is attached hereto as **Exhibit B**.

12. As of January 13, 2025, Defendant possessed actual, verifiable knowledge that Plaintiff had revoked consent to be called on his cellular telephone.

**B. The Campaign of Harassment**

13. Despite possessing the revocation of consent described above, Defendant placed **forty (40)** calls to Plaintiff's cellular telephone between January 13, 2025, and January 30, 2025. A full schedule of these calls is attached hereto as **Exhibit A**.

14. Defendant utilized an Automatic Telephone Dialing System ("ATDS") to place these calls.

15. On January 21, 2025, Defendant placed calls to Plaintiff with excessive frequency, calling **five (5) separate times** within a five-hour window (8:01 AM, 9:35 AM, 9:37 AM, 11:13 AM, and 12:49 PM).

16. The calls listed in Paragraph 15 occurred in rapid succession without human intervention, indicating the use of a predictive dialer.

17. Upon answering calls from Defendant during this period, Plaintiff experienced a distinct pause of approximately 2–3 seconds before a human agent connected to the line.

18. This "dead air" pause is a technical characteristic of an ATDS or predictive dialing software that detects a live voice before transferring the call to an agent.

19. Defendant systematically rotated its incoming Caller ID numbers during this period to evade Plaintiff's call blocking efforts.

20. Defendant utilized specific numbers including **877-488-3538**, **877-469-6720**, and **866-765-1242** to place these calls.

21. Defendant's own "Exemplar Card Agreement," filed in related state court proceedings, explicitly admits that Defendant's standard business practice is to contact consumers via "auto-dialer."

22. Plaintiff's cellular telephone records confirming the dates, times, and incoming numbers of these illegal calls are attached hereto as **Exhibit C**. Plaintiff has redacted personal account information pursuant to Fed. R. Civ. P. 5.2.

## C. Evidence of Willfulness

23. Plaintiff's cellular records for the months of May 2025 through October 2025 show **zero (0)** calls from Defendant's numbers.

24. This eventual cessation proves that Defendant possessed the technical capability to scrub Plaintiff's number from its dialing list.

25. Defendant's failure to implement this stop-measure until after placing **forty (40)** illegal calls constitutes "willful" and "knowing" conduct.

## V. CAUSES OF ACTION

### COUNT I WILLFUL VIOLATION OF THE TCPA (47 U.S.C. § 227)

26. Plaintiff incorporates the foregoing allegations by reference.

27. The Telephone Consumer Protection Act (TCPA) prohibits the use of an ATDS to call a cellular telephone without prior express consent.

28. Defendant initiated **forty (40)** telephone calls to Plaintiff's cellular line using an ATDS.

29. These calls were made without Plaintiff's consent, as consent had been revoked in writing via Certified Mail received on January 13, 2025.

30. Defendant's conduct was "willful" and "knowing" because the calls occurred *after* Defendant acknowledged receipt of the revocation.

31. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to treble damages of **$1,500.00** for each willful violation.

### COUNT II VIOLATION OF THE FDCPA (15 U.S.C. § 1692d)

32. Plaintiff incorporates the foregoing allegations by reference.

33. Under 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person.

34. Specifically, 15 U.S.C. § 1692d(5) prohibits "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass."

35. Defendant's act of calling Plaintiff five times in a single day (January 21, 2025) and four times on multiple other days constitutes harassment under the statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ryan J. King respectfully requests that judgment be entered against Defendant as follows:

A. Statutory damages in the amount of **$60,000.00** for forty willful violations of the TCPA ($1,500.00 per violation);

B. Statutory damages in the amount of **$1,000.00** for violations of the FDCPA;

C. An injunction prohibiting Defendant from placing further calls to Plaintiff's cellular telephone for collection of this alleged "debt";

D. Costs of this action; and

E. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

Dated: February 6th, 2026

*Ryan J. King*

**Ryan J. King, Pro Se**

3060 Montgomery Blvd

Lapel, Indiana 46051

(317) 827-7109

ryan.king.j@gmail.com

**VERIFICATION**

I, Ryan J. King, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I have read the Complaint and the factual allegations contained therein are based on my personal knowledge, specifically regarding the receipt of calls to my cellular telephone and the mailing of notices to the Defendant.

Executed on: _February, 6th 2026_

_Ryan J. King_

**Ryan J. King**