IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

RYAN J. KING,

        Plaintiff,

v.

CITIBANK, N.A.

        Defendant.

Case No. 1:26-CV-00258-TWP-MKK

**DEFENDANT CITIBANK'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Citibank, N.A. (hereinafter "Citi" or "Citibank"), by and through its undersigned counsel, hereby submits its Answer and Defenses to Plaintiff's Complaint ("Complaint"), as follows:

## I.    PRELIMINARY STATEMENT[1]

1. Answering Paragraph 1 of the Complaint, Citibank states that Plaintiff purports to seek damages for alleged violations of the Telephone Consumer Protect Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA).  Except as expressly stated, Citibank denies the allegations, denies that it violated the TCPA or FDCPA, and further denies that Plaintiff is entitled to any relief whatsoever.

2. Answering Paragraph 2 of the Complaint, denied.

3. Answering Paragraph 3 of the Complaint, denied.

---

[1] Citibank specifically denies any allegations contained in headings or subheadings of the Complaint.  For ease of reference, Citibank has included in this Answer and Defenses certain headings used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, those or other omitted headings.

## II.  JURISDICTION AND VENUE

4. Answering Paragraph 4 of the Complaint, Citibank states that Plaintiff's relationship and credit card(s) account with Citibank is governed by a Card Agreement (as amended from time to time) that includes an arbitration provision requiring that the claims alleged must be arbitrated on an individual basis (the "Arbitration Agreement"), and Citibank expressly reserves its right pursuant to the Arbitration Agreement to elect to arbitrate all claims asserted by Plaintiff. Thus, the matter must be resolved before the arbitral forum identified in the parties' Arbitration Agreements. Except as expressly admitted here or elsewhere in this Answer, Citibank denies the allegations of Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Citibank states that the appropriate venue is before the arbitral forum identified in the parties' Arbitration Agreement. Citibank expressly reserves its right pursuant to the Arbitration Agreement to elect to arbitrate all claims asserted by Plaintiff. Except as expressly admitted here or elsewhere in this Answer, Citibank denies the allegations of Paragraph 5.

## III.  PARTIES

6. Answering Paragraph 6 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

7. Answering Paragraph 7 of the Complaint, Citibank responds that it is a national banking association organized and existing under the laws of the United States and South Dakota. Except as expressly stated, denied.

## IV.　FACTUAL ALLEGATIONS

8. Answering Paragraph 8 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

9. Answering Paragraph 9 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

10. Answering Paragraph 10 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

11. Answering Paragraph 11 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

12. Answering Paragraph 12 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

13. Answering Paragraph 13 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

14. Answering Paragraph 14 of the Complaint, denied.

15. Answering Paragraph 15 of the Complaint, denied.

16. Answering Paragraph 16 of the Complaint, denied.

17. Answering Paragraph 17 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

18. Answering Paragraph 18 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

19. Answering Paragraph 19 of the Complaint, denied.

20. Answering Paragraph 20 of the Complaint, Citibank states that to the extent calls were placed using the identified numbers, Citibank denies that the calls violated the TCPA or FDCPA and denies that Plaintiff is entitled to any relief whatsoever.

21. Answering Paragraph 21 of the Complaint, Citibank states that the contents of the Card Agreement governing Plaintiff's Citibank credit card account(s) (which includes the binding arbitration agreement requiring arbitration of the asserted claims) speaks for itself and Citibank denies any allegations inconsistent with the Card Agreement governing Plaintiff's Citibank credit card account(s).

22. Answering Paragraph 22 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

23. Answering Paragraph 23 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

24. Answering Paragraph 24 of the Complaint, Citibank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

25. Answering Paragraph 25 of the Complaint, denied.

## V.     CAUSES OF ACTION

26. Answering Paragraph 26 of the Complaint, Citibank repeats, realleges, and incorporates by reference all of the foregoing Answers.

27. Answering Paragraph 26 of the Complaint, Citibank denies the allegations to the extent they are inconsistent with the text (and applicable case law regarding) the TCPA; Citibank also specifically denies liability for any asserted claims and denies Plaintiff is entitled to any relief whatsoever.

28. Answering Paragraph 28 of the Complaint, denied.

29. Answering Paragraph 29 of the Complaint, denied.

30. Answering Paragraph 30 of the Complaint, denied.

31. Answering Paragraph 31 of the Complaint, denied.

32. Answering Paragraph 32 of the Complaint, Citibank repeats, realleges, and incorporates by reference all of the foregoing Answers.

33. Answering Paragraph 33 of the Complaint, Citibank denies the allegations to the extent they are inconsistent with the text (and applicable case law regarding) the FDCPA, denies the FDCPA applies in any respects to Citibank, and denies Plaintiff is entitled to any relief whatsoever.

34. Answering Paragraph 34 of the Complaint, Citibank denies the allegations to the extent they are inconsistent with the text (and applicable case law regarding) the FDCPA, denies

the FDCPA applies in any respects to Citibank, and denies Plaintiff is entitled to any relief whatsoever.

35. Answering Paragraph 35 of the Complaint, denied.

## PRAYER FOR RELIEF

Answering Plaintiff's entitled Prayer for Relief (and subparagraphs A – E) on page 6 of the Complaint, Citibank denies that it engaged in any of the allegedly improper conduct alleged in the Complaint, denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief requested therein, or any relief whatsoever from Citibank, including, without limitation, statutory damages, actual damages, compensatory damages, nominal damages, punitive damages, costs, expenses, attorneys' fees, prejudgment and post-judgment interest, injunctive relief, or any relief whatsoever from Citibank.

## JURY DEMAND

Citibank acknowledges that Plaintiff has requested a trial by jury.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Citibank, as separate and distinct Affirmative Defenses to the Complaint and all claims alleged therein, alleges as follows on information and belief:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint, and each purported claim alleged therein, fails to set forth facts sufficient to state a claim against Citibank.

### SECOND AFFIRMATIVE DEFENSE
### (Agreement to Arbitrate)

2. The claims alleged by Plaintiff in the Complaint are subject to binding, individual arbitration pursuant to the arbitration provision contained in the agreement governing the account

at issue. Citibank expressly reserves the right to elect to resolve this matter in arbitration pursuant to the arbitration agreement.

### THIRD AFFIRMATIVE DEFENSE
### (Consent)

3. At all relevant times, Citibank maintained prior express consent to place calls to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### (Discharge of Duty)

4. Citibank alleges that it has appropriately, completely and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (No Injury)

5. Citibank is informed and believes, and on that basis alleges, that each claim and cause of action set forth in the Complaint is barred, in whole or in part, because Plaintiff suffered no injury as a result of any act or practice of Citibank.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

6. Although Citibank denies that Plaintiff suffered any damages, to the extent any damages have been suffered, Plaintiff failed to mitigate those damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

7. The claims of Plaintiff are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

8. The claims of Plaintiff are barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

**(Ratification)**

9. Plaintiff ratified the conduct alleged in the Complaint and therefore is barred from recovery against Citibank.

**TENTH AFFIRMATIVE DEFENSE**
**(Not Knowing or Willful)**

10. Plaintiff is precluded from any recovery from Citibank for a knowing or willful violation because any such violation, which Citibank denies occurred, would not have been knowing or willful.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Conduct of Third Parties)**

11. Plaintiff's damages, to the extent he suffered any, are the result of his own conduct an/or conduct of third parties over whom Citibank exercises no control.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

12. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Independent Intervening Cause)**

13. To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Citibank denies, any damage, injury and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent third parties or their agents, and not any or omission on the part of Citibank.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Contributory Negligence)**

14. Citibank alleges that, if Plaintiff sustained any loss or a result of the matters alleged in the Complaint, such loss, if any, was caused and contributed to by the conduct of Plaintiff, and

such conduct on his part constitutes a bar to any recovery or, in the alternative, recovery, if any, should be reduced in proportion to the extent such conduct was a cause of his loss, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Apportionment)

15. Citibank is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters in the Complaint; however, if Citibank is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-Citibank parties, persons and entities, or the agents, servants and employees of such non-Citibank parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Preemption)

16. The Complaint is barred, in whole or in part on the grounds that any state law claims are preempted by federal law.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Choice of Law)

17. The Complaint is barred, in whole or in part, to the extent it is based on law other than the governing law contained in the parties' credit card agreement.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Set Off)

18. The claims alleged by Plaintiff are subject to a setoff and/or recoupment for amounts owed by Plaintiff on his Citibank credit card account(s).

### NINETEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

19. Citibank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Citibank requests the following relief:

(1) That the Complaint be dismissed with prejudice;

(2) That Plaintiff take nothing from Citibank by virtue of the Complaint;

(3) That judgment be entered in Citibank's favor;

(4) That the Court award Citibank its fees, expenses, and costs to the full extent permitted by law; and

(5) That the Court award such other relief as is just and proper under the circumstances.

Dated: February 27, 2026

Respectfully submitted,

*/s/ Dana E. Becker*
Dana E. Becker
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA  19103-3007
Telephone:   +1.215.963.4628
Facsimile:    +1.215.963.5000
dana.becker@morganlewis.com

*Attorneys for Defendant Citibank, N.A.*

## PROOF OF SERVICE

I, KC Rosello, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626 . On February 27, 2026, I served a copy of the within document(s):

**DEFENDANT CITIBANK'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Costa Mesa, California addressed as set forth below.

Ryan J. King                                                                                      Pro Se
3060 Montgomery Blvd.
Lapel, Indiana  46051
Tel.:  317.827.7109
Email:  ryan.king.j@gmail.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 27, 2026, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ KC Rosello*
_____
KC Rosello