**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

RYAN J. KING,

        Plaintiff,

    v.

CITIBANK, N.A.,

        Defendant.

Case No. 1:26-CV-00258-TWP-MKK

**DECLARATION OF KELLY BOOTH IN SUPPORT OF**
**MOTION TO COMPEL ARBITRATION**

I, KELLY BOOTH, hereby declare as follows:

1.      I am an employee of Citibank, N.A. ("Citibank"), a national bank located in Sioux Falls, South Dakota.  Citibank issues credit card accounts to persons throughout the country, including the credit card at issue in this action.

2.      I have worked with Citibank or its affiliates in different capacities for approximately 32 years.  In connection with my employment, I have personal knowledge of the general business practices and business records of Citibank with respect to its credit card accounts.  My responsibilities include the preparation of declarations in connection with litigation involving Citibank, and I am authorized to provide this Declaration for Citibank.  I have access to the business records relating to the credit card accounts issued by Citibank including, in particular, the records of cardmember accounts and the applicable card agreements.

3.      The exhibits to this declaration are all true and correct business records created and maintained by Citibank, or its affiliates, in the course of regularly conducted business activity, and as part of the regular practice of Citibank to create and maintain such records, and also were made at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.  The statements set forth in this declaration are true and correct to the best of my knowledge,

DB2/ 652198236.2

information, and belief.  Except where based upon information provided by persons working under my direction and supervision, the statements contained herein are based on my personal knowledge or review of Citibank's records, including records pertaining to the Citibank credit card account issued to plaintiff, Ryan J. King. ("Plaintiff"). If called as a witness, I am competent to testify to the statements contained herein.  The exhibits have been redacted to exclude personal information.

4.      I understand that Plaintiff has filed a lawsuit alleging violations of the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act in connection with a Citi® Dividend credit card.  Based on Citibank's records, a Citi® Dividend account currently ending in 4140 (formerly ending in 5261, 5570 and 4290) was issued to Plaintiff by Citibank (the "Account") on or about July 17, 2003. Based upon my review of the records pertaining to the Account, and as discussed below, I have determined that the Account is subject to an arbitration provision.

5.      The Account is subject to written terms and conditions that are reflected in a Card Agreement, as amended from time to time (the "Card Agreement").  Attached as **Exhibit A** is a copy of the Card Agreement reflecting the terms governing the Account.  Section 11 of the Card Agreement reflects the terms of the Arbitration Agreement (the "Arbitration Agreement") applicable to the Account.

6.      Citibank's records reflect that, on or about September 3, 2015, Citibank mailed to Plaintiff the Card Agreement, along with a cover letter ("Cover Letter") expressly advising Plaintiff about the terms of Card Agreement governing the Account, including the Arbitration Agreement.  Attached as **Exhibit B** is an exemplar copy of the Cover Letter that was mailed to Plaintiff.  The arbitration language in the exemplar copy of the Cover Letter is identical to the Cover Letter that was mailed to Plaintiff.

7.      The Cover Letter provides:

DB2/ 652198236.2

One of the changes we're making is giving you the choice to opt-out of the arbitration provision. To help you understand arbitration, we've also updated Section 11 of the Card Agreement. If you choose to opt-out of arbitration, follow the instructions on the next page.

8.    The Cover Letter instructed Plaintiff that the Card Agreement would become effective November 7, 2015.

9.    As discussed, and instructed in the Cover Letter, Plaintiff had the right to reject the arbitration agreement contained in the Card Agreement:

You have the right to reject the change to arbitration. If you reject this change, your account will no longer be subject to an arbitration provision. You can reject the change to arbitration by writing to us at PO Box 6195, Sioux Falls, SD 57117-6195 stating that you would like to reject the arbitration provision. Your letter must be postmarked on or before November 7, 2015. We will not close your account if you reject this change.

10.    Citibank's records reflect that the rejection letter postmark date set forth in the Cover Letter was November 7, 2015.

11.    Citibank's records confirm that the Card Agreement and Cover Letter mailing were not returned or marked undelivered. Citibank's records confirm that Plaintiff received the Card Agreement and Cover Letter mailing but did not reject the Arbitration Agreement. Had Plaintiff rejected the Arbitration Agreement, the rejection would have been reflected in Citibank's records, as it is Citibank's regular practice to include a note in the computerized account records of those cardmember who chose to reject arbitration. The records for the Account do not reflect such a note, and there is no indication in the Account records that Plaintiff ever notified Citibank to reject arbitration. In addition, it is Citibank's regular practice to indicate in the computerized account records whether a cardmember's account is subject to arbitration. Attached as **Exhibit C** are screenprints from Citibank's computerized notes for the Account that show the arbitration indicator for the Account. That indicator is marked "Y." This means the Account is subject to arbitration. If Plaintiff had rejected the arbitration provision, this field would show "N." If

DB2/ 652198236.2

Citibank had received return mail on the Account, the "CM AGREEMENT" indicator would reflect an "N."

12.    Attached as **Exhibit D** is a copy of the transaction detail reflected on the periodic billing statement for the Account for the period ending December 11, 2015, which reflects transactions made to the Account by the Plaintiff.  Citibank's records reflect Plaintiff made payments to Citibank on the Account from and after November 7, 2015.

13.    On or about February 13, 2025, the Account charged off due to non-payment. Attached hereto as **Exhibit E** is a true and correct copy of the Card Agreement in effect at the time the Account charged off due to non-payment.

Executed this 24th day of April, 2026, at Jacksonville, Florida.

*Kelly Booth*
KELLY BOOTH